IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-51063
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROSS H. WALLACE, II,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-97-CR-225-2
--------------------

August 26, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Ross H. Wallace, II, entered a conditional guilty plea to possession of marijuana with intent to distribute. He contends on direct appeal that the district court erred in refusing to suppress evidence found by, and statements made to, the police during a search of the car Wallace was driving.

    In reviewing the district court's ruling on a motion to suppress, the district court's findings of fact are accepted unless clearly erroneous, but its ultimate conclusion as to the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constitutionality of the law enforcement action is reviewed *de novo*.  United States v. Chavez-Villarreal, 3 F.3d 124, 126 (5th Cir. 1993).  This court must review the evidence in the light most favorable to the prevailing party, and the district court's ruling to deny the suppression motion should be upheld if there is any reasonable view of the evidence to support it.  United States v. Tellez, 11 F.3d 530, 532 (5th Cir. 1993).

The district court's findings regarding whether the Border Patrol agents had reasonable suspicion to stop Wallace's car was not clearly erroneous.  "Reasonable suspicion" may be based on information supplied by a confidential informant if the information possesses "indicia of reliability."  Adams v. Williams, 407 U.S. 143, 147 (1972); United States v. Roch, 5 F.3d 894, 898 (5th Cir. 1993).  Evidence at the suppression hearing revealed that the confidential informant was known to the Border Patrol agent receiving the information and was considered highly reliable, having given information in the past leading to several arrests.  The original lookout provided information that two cars may be involved.  When the arresting officer called in a license plate check on the second car, he learned that the informant had just called in with information on that car.  The totality of the circumstances supports a finding that the arresting officer had reasonable suspicion to stop Wallace's car.

Wallace also alleges that he did not properly waive the rights provided in Miranda v. Arizona, 384 U.S. 436 (1966).  This issue was not raised in the district court and is reviewed only for plain error.  See United States v. Calverley, 37 F.3d 160,

162-64 (5th Cir. 1994)(en banc).  The testimony presented at the suppression hearing shows that Wallace made a statement after being read his rights at least twice, and Wallace did not state that the statement was made unwillingly or that he did not understand his rights.  Wallace has not shown plain error in the district court's finding that the confession was admissible.  The decision of the district court is therefore AFFIRMED.